ORIGINAL

IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| NADINE J. ACKER, Individually and as Representative of the ESTATE of George M. Acker | § | FILED APR - 2 2007 U.S. COURT OF FEDERAL CLAIMS |
| WILLIAM F. MARINONE | § | |
| | § | 07-215 T |
| | § | CIVIL NO. |
| Plaintiffs, | § | |
| | § | JUDGE |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Nadine J. Acker, Individually and as the Representative of the Estate of George M. Acker, and William F. Marinone are citizens of the United States of America.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404(e)(1), and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1) of the United States Code.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

**ACKER**
**COUNT ONE**
**(Calendar Year 1985)**

5. Nadine J. Acker resides at XXXX Holmby Ave., Los Angeles, CA, 90025.

6. George M. Acker and Nadine J. Acker filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-6450 and XXX-XX-8124.

7. George M. Acker was a limited partner in Indio Date Associates ("IDA") and Emperor Seedless -85 ("ES85"), both of which are California limited partnerships.

8. IDA and ES85 timely filed their 1985 Forms 1065, partnership tax returns.

9. A dispute arose between the IRS and IDA and ES85 as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

10. The Tax Matters Partner ("TMP") for IDA and ES85 and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

11. Following that decision, on September 2, 2002, the IRS assessed tax liability of $3,537.00 and interest and §6621(c) penalty interest of $16,704.82 against the Ackers for 1985. In a series of assessments beginning October 28, 2002 and concluding December 8, 2003, the IRS assessed additional interest of $927.13 against the Ackers for 1985.

12. In a series of payments and credits transferred from other tax years, beginning February 19, 2003 and concluding December 30, 2003, the Ackers paid the assessments in full.

13. On September 22, 2004, Nadine Ackers filed with the IRS a claim for refund of $3,537.00 for the tax and $16,704.82, or such greater amount as is allowed by law, for the interest and §6621(c) penalty interest assessed and paid for 1985.

14. As grounds for recovery, Acker restates and incorporates by reference the averments set forth in the Explanation to her refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers

made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

F. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings

during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

15. Over six (6) months have elapsed since the Ackers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

16. The Ackers are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**MARINONE**
**COUNT ONE**
**(Calendar Year 1984)**

17. William F. Marinone resides at 29 Nashawena Rd., Mattapoisett, MA, 02739.

18. William F. Marinone filed a timely federal income tax return for calendar year 1984 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-3483.

19. William F. Marinone was a limited partners in Travertine Flame Associates ("TFA"), a California limited partnership.

20. TFA timely filed its 1984 Form 1065, partnership tax return.

21. A dispute arose between the IRS and TFA as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

22. The TMP for TFA and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

23. Following that decision, on August 19, 2002, the IRS assessed tax liability of $13,016.00 and interest and §6621(c) penalty interest of $52,988.09 against Marinone for 1984.

24. On December 16, 2002, Marinone paid those assessments in full.

25. On December 13, 2004, Marinone filed with the IRS a claim for refund of $13,016.00 for the tax and $52,988.09 for the interest and §6621(c) penalty interest assessed and paid for 1984.

26. As grounds for recovery, Marinone restates and incorporates by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. Additionally and in the alternative, even if the statute of limitations does not bar the assessment and collection of tax, the Plaintiffs are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). It is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152, (5th Cir., 2004), in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Todd v.*

*Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, the Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal

investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. Interest should be recomputed based on the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

27. Over six (6) months have elapsed since Marinone filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

28. Marinone is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

**MARINONE**
**COUNT TWO**
**(Calendar Year 1985)**

29. William F. Marinone resides at 29 Nashawena Rd., Mattapoisett, MA, 02739.

30. William F. Marinone filed a timely federal income tax return for calendar year 1985 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-3483.

31. William F. Marinone was a limited partners in Canyon Desert Vineyard ("CDV"), a California limited partnership.

32. CDV timely filed its 1985 Form 1065, partnership tax return.

33. A dispute arose between the IRS and CDV as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

34. The TMP for CDV and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

35. Following that decision, on August 26, 2002, the IRS assessed tax liability of $56,792.00 and interest and §6621(c) penalty interest of $215,930.30 against Marinone for 1985.

36. Marinone protested that the IRS's computations with respect to their 1985 assessments were grossly incorrect. In response, on June 28, 2004, the IRS abated tax of $39,767.00 and interest and penalty interest of $167,593.50.

37. On September 6, 2004, the IRS assessed additional interest and penalty interest of $11,027.56 against Marinone for 1985.

38. On December 16, 2002, Marinone made a payment of $80,000.00 to his 1985 tax account, which paid the adjusted assessments in full.

39. On December 13, 2004, Marinone filed with the IRS a claim for refund of $17,025.00 for the tax and $65,150.50 for the interest and §6621(c) penalty interest assessed and paid for 1985.

40. As grounds for recovery, Marinone restates and incorporates by reference the averments set forth in the Explanation to the refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must

be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. Additionally and in the alternative, even if the statute of limitations does not bar the assessment and collection of tax, the Plaintiffs are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). It is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152, (5th Cir., 2004), in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the

original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, the Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which

constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

41. Over six (6) months have elapsed since Marinone filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

42. Marinone is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiff Nadine J. Acker, Individually and as the Representative of the Estate of George M. Acker, prays for judgment against Defendant, the United States of America, in the amount of $20,241.82, or such greater amount as is legally refundable, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs William F. Marinone prays for judgment against Defendant, the United States of America, in the amount of $148,179.59, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)